**GLASTRUSIONS, INC., Plaintiff,**

v.

**NEW PLASTIC CORPORATION,**
**Defendant.**
**No. 1278–60.**

United States District Court
S. D. California,
Central Division.

Dec. 23, 1963.

---

Francis A. Utecht, Long Beach, Cal., for plaintiff.

Robert C. Comstock, Murchison, Cuming & Baker, Los Angeles, Cal., for defendant.

CURTIS, District Judge.

■ It appears from the evidence that the plaintiff's patent emerges in a crowded field and, therefore, must be given a narrow interpretation. Although clothed with the presumption of validity arising from its issue, this patent must be considered in the light of the arguments made by counsel before the Board of Patent Appeals wherein it was contended that the novelty resulted

(1) from "a plurality of substantially parallel upstanding means to guide strands from bundles and for maintaining them separated * * * " and

■ It appears here that both of these die and a shaping die separate from each other.

■ It appears here that both of these elements are old as shown by the prior art and that the patent reveals nothing new. This conclusion seems inescapable to me, and I therefore hold that the patent, including all four claims, is invalid.

It appears further that since the defendant's device used neither of the two elements which plaintiff claims as novel, I find no infringement.

■ The evidence does not establish bad faith on the part of either party and the court finds accordingly. Each party shall, therefore, pay its own attorneys' fees.

The attorney for the defendant shall prepare findings of fact, conclusions of law and judgment.

## FINDINGS OF FACT

1. This action is for alleged infringement of Letters Patent of the United States, arises under the Patent Laws of the United States, and this Court has jurisdiction of said action.

2. Plaintiff, Glastrusions, Inc., is a corporation organized and existing under the laws of the State of California.

3. Prior to trial, the action was dismissed with prejudice as to the defendant William Brandt Goldsworthy.

4. Defendant, New Plastic Corporation, is a corporation organized and existing under the laws of the State of California, has a regular and established place of business in the City of Los Angeles, State of California, and the acts of alleged infringement have been committed in said city, within the Southern District of California, and this Court has jurisdiction of the parties. Reference hereinafter to Defendant means only the Defendant, New Plastic Corporation.

5. The patent in suit, Plaintiff's Exhibit 1, is United States Letters Patent No. 2,871,911 granted February 3, 1959, for Apparatus For Producing Elongated Articles From Fiber-Reinforced Plastic Material; said patent was granted to Plaintiff, and Plaintiff ever since has been and is the owner of said patent.

6. The subject matter of said patent in suit is a machine for fabricating glass fiber-reinforced thermo-setting resin stock, an example of the product being a rod or bar of predetermined cross section determined by the cross sectional contour of a shaping die.

7. The said machine includes in sequential arrangement:

(1) a glass fiber supply section,

(2) a plurality of parallel upstanding guide means for the strands of glass fiber comprising a series of vertical separator pins,

(3) a tank of liquid unpolymerized resin to coat the glass fibers,

(4) a compressing die having a channel corresponding in shape to the cross-section of the finished article and of progressively decreasing cross-sectional area,

(5) a separate shaping die disposed in a heating device to cure (harden) the resin in the final shape of the stock,

(6) a pulling mechanism acting on the stock to pull it along and consequently drawing the glass fibers from the supply section through sections 2–4 of the machine.

8. The case was tried on all four claims of said patent. After all evidence was in, Plaintiff's counsel stated that only claims 1 and 2 were charged to be infringed; Defendant's counsel objected to this restriction of the issues and urged that all four claims should be adjudicated, whereupon Plaintiff's counsel stipulated to the latter; these Findings, the Conclusions and Judgment apply to all four claims of said patent.

9. Defendant's accused machine is illustrated in drawings, Defendant's Exhibits A and B. Defendant built only the one machine, completing it prior to the grant of the patent in suit, began using it prior to the grant of the patent in suit, and has continued thereafter to use it.

10. Defendant's said machine will continuously produce an elongated article, as, for example, a rod from a plurality of glass fiber strands and an unpolymerized liquid plastic material. Glass fibers are drawn through tubes of a feeder rack, thence through apertures in a carding plate, and into a resin tank. The fibers are held immersed in the liquid resin by one or more horizontal hold down bars. They are pulled along the tank and at the exit end thereof are drawn through a wiping bar assembly which removes excess liquid resin, returning it to the tank. The coated fibers in a loose ribbon mass, intentionally so maintained in order to return to the tank as much unneeded resin as possible, and the cross-section of which ribbon has no reference to the final shape of the article, then enter a shaping die wherein the impregnated fibers are given the correct shape, and as they travel through the die the resin is cured by radio frequency heating. A pulling mechanism is located beyond the radio frequency unit which moves the cured product toward any suitable delivery area, and in this action draws the glass fibers from their spools or bales and through the sections of the apparatus for the treatment described.

11. Defendant's said machine does not embody any vertical separator pins, nor any compressing die, nor any equivalent for either of these elements.

12. The patent in suit emerged in a crowded field, as evidenced by the testimony of witnesses, the file wrapper and contents Defendant's Exhibit G, numerous prior art patents contained in Defendant's Exhibits H, I, J, and K, and Plaintiff's Response to Defendant's Request For Admissions Defendant's Exhibit P. Consequently the patent in suit must be given a narrow interpretation.

13. It appears from the file wrapper that the applicants for the patent in suit contended that the novelty resulted

(1) from "a plurality of substantially parallel upstanding means to guide strands from bundles and for maintaining them separated * * *" and

(2) from the use of a compressing die and a shaping die separate from each other.

The closest file wrapper reference, U. S. Patent to Gray No. 2,526,945, did not disclose either of these features. However, prior patents not cited by the Patent Office show both such features to be old. See for example U. S. Patent to Meek No. 2,684,318 (filed prior to the filing date of the patent in suit). One of the patentees of the patent in suit, Goldsworthy, and at least two of the attorneys who prosecuted the patent in suit, had knowledge of Meek several years before the prosecution of the patent in suit closed, but did not bring Meek to the attention of the Patent Office Examiner

handling the application for the patent in suit.

13. This Court examined and heard testimony respecting the disclosures of the forty prior patents and one publication contained in Defendant's Exhibits H, I, J, and K.

14. The patent in suit reveals nothing new over the prior art.

15. None of the four claims of the patent in suit define anything patentable over the prior art.

16. The four claims of the patent in suit relate at best to an aggregation of features selected from the prior art performing no new, different, or unobvious function than performed in their original environment.

17. Plaintiff's selection of dielectric heating means for curing the liquid plastic material (defined in the claims of the patent in suit) does not contribute novelty to the patent. The descriptive portion of the specification treats a gas burner tunnel and high-frequency electronic heating as interchangeable. Both types of heating means, and others, are disclosed by the prior art.

18. The presumption of validity attaching to the patent in suit upon its grant is completely dissipated, and invalidity of all four claims of said patent is manifest, from the evidence before the Court. This invalidity arises by reason of anticipation in the prior art, as well as by the reason that the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the alleged invention was made to a person having ordinary skill in the art to which said subject matter pertains, and further that the claims define nothing more than an aggregation of old and well known instrumentalities.

19. The Defendant's accused machine cannot be found to infringe the patent in suit (even if valid) because the machine does not include "a plurality of substantially parallel upstanding means to guide strands from bundles and for maintaining them separated"—claims 1, 2, 3 and 4.

20. The Defendant's accused machine cannot be found to infringe the patent in suit (even if valid) because the machine does not include "a compressing die having an entrance side adjacent said coating means * * * and an exit side remote from said coating means, said compressing die having a channel therein corresponding in shape to the cross section of the finished article and of progressively decreasing cross-sectional area"—claims 1, 2, 3 and 4. Defendant's shaping die does not include any of the features of the compressing die of the patent and even if it did that would not constitute it separate compressing and shaping dies as required by the patent.

21. The Defendant's accused machine cannot be found to infringe claim 2 of the patent in suit (even if valid) for the further reason that the machine does not include "a plurality of guide means * * disposed in the path of said bundles of strands to position said strands over and under the same."

22. The Defendant's accused machine cannot be found to infringe claim 3 of the patent in suit (even if valid) for the further reason that the machine does not include a shaping die which "includes a plurality of spaced facing members that serve as electrodes * * * ".

23. The Defendant's accused machine cannot be found to infringe claim 4 of the patent in suit (even if valid) for the further reason that the machine does not include in or associated with the tank "means through which a core may be inserted into said compressing die * * * ".

24. The Defendant's accused machine cannot be found to infringe the patent in suit or any of the claims thereof (even if valid) because said machine does not include anything equivalent to the elements which are absent as recited in Findings 19–23.

25. The evidence does not establish bad faith on the part of either Plaintiff

or Defendant, and neither party is entitled to an award of attorneys fees.

### CONCLUSIONS OF LAW

I. This Court has jurisdiction of the cause of action and of the parties.

II. United States Letters Patent No. 2,871,911 granted February 3, 1959 for Apparatus For Producing Elongated Articles From Fiber-Reinforced Plastic Material is owned by Plaintiff, Glastrusions, Inc.

III. Said Letters Patent No. 2,871,-911 is invalid as to all four claims thereof.

IV. Said Letters Patent even if valid is not infringed by the Defendant. This conclusion applies to all four claims of said patent.

V. The amended complaint should be dismissed, upon the merits and with prejudice to the Plaintiff, and costs should be awarded in favor of Defendant.

VI. In the absence of bad faith on the part of either party, no attorneys fees should be awarded.